# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IVAN BOYD,

      Plaintiff,

v.                                       Case No. 18-C-1763

CITY OF MILWAUKEE, MILWAUKEE
POLICE DEPARTMENT, POLICE OFFICER
DANIEL VIDMAR, POLICE OFFICER
BRIAN MACIEJEWSKI, and POLICE
OFFICER MATTHEW DRESEN,

      Defendants.

## ORDER

Plaintiff Ivan Boyd, who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 and a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated when he filed his complaint. This case was originally assigned to U.S. Magistrate Judge William Duffin; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly reassigned to a U.S. District Court judge for screening of the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The PLRA gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On November 16, 2018, Judge Duffin ordered plaintiff to pay an initial partial filing fee of $2.43. Plaintiff paid the

initial partial filing fee on November 26, 2018. The court will grant plaintiff's motion to proceed without prepayment of the filing fee. ECF No. 2. He must pay the remainder of the fee over time in the manner explained at the end of this decision.

### SCREENING OF THE COMPLAINT

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the defendant was acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint alleges that at around 9:00 p.m. on January 31, 2013, he and a female passenger arrived at the Diamond Inn in Milwaukee. Plaintiff alleges that as he and his passenger prepared to get out of the car to go inside, a squad car suddenly pulled directly behind the vehicle. According to the plaintiff, there were then three white faces (the police) peering into his vehicle while pulling on the door handles trying to get inside. Plaintiff alleges that he was terrified and feared for his safety. He further alleges he did not understand why the officers were trying to get into his car—he was licensed and not breaking any laws or ordinances.

Plaintiff alleges that the officers ordered him to unlock the doors and step out of the vehicle, otherwise the officers would break the windows. He says he complied immediately, at which time officers shoved him against the vehicle and searched his inner and outer coat pockets. Plaintiff alleges that officers attempted to handcuff him, at which point he fled on foot. He alleges that as he fled, he heard the sounds of the squad car's engine and the officers pursuing him on foot shout, "Stop or I'll shoot you in the back!" According to plaintiff, he had made it about a half a block and decided to surrender, at which point the squad car hit him from behind, causing him to hit the pavement head first.

Plaintiff alleges that officers Maciejewski and Dresen were on top of him, stating "Stop resisting," though plaintiff says that the constant kicking and punching made it nearly impossible for him to surrender his hands. According to plaintiff, Vidmar then jumped out of the car and yelled, "He's reaching for a gun!" The last thing plaintiff says he remembers is Vidmar's boot coming towards his face. Plaintiff alleges that he regained consciousness at the police station and was in severe pain, especially in his midsection. He asked to be taken to the hospital, where he was

3

treated for his injuries. He alleges that he was returned to the Milwaukee County Jail on misdemeanor resisting/obstructing charges that were later dismissed or not prosecuted. According to plaintiff, Vidmar's incident report contains several inaccuracies, including the color of the car he was in, the reasons why Vidmar decided to conduct a field interview, and a fabricated bottle of vodka in the center console.

### THE COURT'S ANALYSIS

Plaintiff's complaint states two claims against the three defendant officers, both arising under the Fourth Amendment: one for false arrest and the other for the use of excessive force. An arrest is unlawful if there is no probable cause to support it, so the predicate of any unlawful arrest claim is the absence of probable cause. *Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995). Whether a detention constitutes an arrest is a fact-intensive inquiry, *Jewett v. Anders*, 521 F.3d 818, 823 (7th Cir. 2008) (citing *United States v. Vega*, 72 F.3d 507, 515 (7th Cir. 1995)), and so is whether probable cause existed, *Jones*, 45 F.3d at 181–82. According to plaintiff's complaint, he and his passenger were just about to get out of his car when the officers approached, demanded he get out of the car, and then threw him against the vehicle and attempted to handcuff him. At this stage, the court must construe the complaint broadly and in plaintiff's favor. He has stated a claim that Vidmar, Maciejewski, and Dresen unlawfully arrested him.

To state an excessive force claim, plaintiff must allege that the officers' use of force was unreasonable given the circumstances. *Saucier v. Katz*, 533 U.S. 194, 204–05 (2001). As with an unlawful arrest claim, whether an officer's use of force was excessive is a fact-intensive inquiry. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Plaintiff alleges several instances where officers exerted force: by slamming him against his own car, by hitting him with a squad car, and by kicking

4

him in the head. The exact circumstances of plaintiff's encounter with the officers will be developed as the case proceeds. He has alleged sufficient facts at screening to proceed against Vidmar, Maciejewki, and Dresen for using excessive force.

Plaintiff also names the City of Milwaukee and the Milwaukee Police Department as defendants. He alleges that the Milwaukee police officers have a practice of effecting illegal traffic stops on young African American people in the inner city. First, the court will dismiss the Milwaukee Police Department because plaintiff cannot pursue a § 1983 claim against the department because it is not subject to suit under § 1983. State law determines the capacity of an entity to sue or be sued. Fed. R. Civ. P. 17(b). Wisconsin Stat. § 62.50 governs the City of Milwaukee's police department, and it does not authorize the police department to sue or be sued. *See Grow v. City of Milwaukee*, 84 F. Supp. 2d 990 (E.D. Wis. 2000) (*abrogated on other grounds by Driebel v. City of Milwaukee*, 298 F.3d 622 (7th Cir. 2002). Furthermore, the police department is an agency of the City of Milwaukee, and it cannot be sued separate from the city. *See Averhart v. City of Chicago*, 114 Fed. App'x 246, 247 (7th Cir. 2004).

The remaining question is whether plaintiff's complaint states a claim against the City of Milwaukee. To hold the City liable under § 1983, plaintiff must allege that the constitutional deprivation was caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by officers." *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 690 (1978). While plaintiff's complaint is general in it allegations, the court does not expect he would be in a position to have more detailed information at this stage. Plaintiff may proceed against the City of Milwaukee on a *Monell* claim.

Finally, plaintiff says he would like to pursue a Wisconsin state law claim of assault and battery. Federal courts hearing a federal cause of action may entertain state law claims by exercising supplemental jurisdiction over them, but only when the state and federal claims are part of one constitutional "case"; that is, they derive from a "common nucleus of operative fact" and would ordinarily be tried together. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Bailey v. City of Chicago*, 779 F.3d 689 , 696 (7th Cir. 2015) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999)); 28 U.S.C. § 1367. The elements for the tort of battery are: (1) unlawful use of force or violence against another; (2) the intentional direction of such force or violence at another; and (3) the sustaining of bodily harm by the person against whom the force or violence is directed. *Michelle T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 685, 495 N.W.2d 327 (1993). In Wisconsin, officers may be held liable if they use more force than necessary. *Wirsing v. Krzeminski*, 61 Wis. 2d 513, 213 N.W.2d 37 (1973); *see also State v. Mendoza*, 80 Wis. 2d 122, 154, 258 N.W.2d 260 (1977) ("An officer may be guilty of assault and battery if he uses unnecessary and excessive force or acts wantonly and maliciously.") The court is satisfied that plaintiff's complaint, which alleges that the officers threw him against a car, hit him with a vehicle, and kicked him in the head, is sufficient to state a battery claim against Vidmar, Maciejewki, and Dresen and that the claim arises out of the same set of facts as his constitutional claims such that exercising supplemental jurisdiction is appropriate.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without the prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Milwaukee Police Department is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $347.57 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that this case be returned to United States Magistrate Judge Duffin for further proceedings.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court further advises plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Signed in Green Bay, Wisconsin, this 30th day of January, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.